

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MICHELE ROSE ROWELL,<br>              Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, *Commissioner of*<br>*the Social Security Administration*,<br>              Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:18-02069-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
AFFIRMING THE DECISION OF DEFENDANT**

This is a Social Security appeal in which Plaintiff Michele Rose Rowell (Rowell), proceeding pro se, seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying her claim for Supplemental Security Insurance (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Saul's decision. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 25, 2020. Rowell filed her Objections to the Report (Objections) on April 2, 2020. Saul filed a reply to the Objections on April 16, 2020. The Court has reviewed the Objections, but holds them to be without merit. The Court will therefore enter judgment accordingly.

On February 8, 2016, Rowell filed her applications for Disability Insurance Benefits (DIB) and SSI. She contended her disability commenced on January 26, 2013. Saul denied Simpson's applications initially and upon reconsideration. Simpson then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on February 28, 2018. At the hearing, Rowell dropped her claim for DIB.

On June 20, 2018, the ALJ issued a decision holding Rowell was not disabled. Rowell requested review of the decision by the Appeals Council. On July 27, 2018, before the final decision of the Appeals Council, Rowell filed her pro se Complaint in this court seeking judicial review of Saul's administrative determination. Saul moved to dismiss the Complaint for lack of subject matter jurisdiction based on Rowell's failure to exhaust her administrative remedies. Before the Court ruled on the motion, however, the Appeals Council issued its decision denying Rowell's request for review. Saul moved to withdraw his motion to dismiss, and the Court granted.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from

returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made.  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded."  *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  Under the substantial evidence standard, the Court must view the entire record as a whole.  *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).  Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported."  *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Rowell's filing, when liberally construed, raises three objections.

As to Rowell's first objection, the use of medical reports by non-examining physicians, the Magistrate Judge addressed this issue correctly.  "[T]he testimony of a non-examining physician can be relied upon when it is consistent with the record."  *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986).  As explained by the Magistrate Judge, the ALJ utilized the reports of the non-examining physicians within the context of the entire record.  Rowell's objection to the mere use of non-examining physicians is, thus, unavailing.  Accordingly, the Court will overrule Rowell's first objection.

Second, Rowell attempts to introduce evidence of x-rays performed in 2019.  She does this to counter the Magistrate Judge's assertion her last x-ray was in 2015.

There is some confusion as to the appropriate test for evaluating remand in light of new evidence.  The Fourth Circuit, in *Borders v. Heckler*, announced a four-part test for evaluating remand when presented by new evidence: 1) whether the evidence is "relevant to the determination of disability at the time the application was first filed and not merely cumulative," 2) the new evidence must be "material to the extent that the Secretary's decision "might reasonably have been

different" had the new evidence been before her," 3) a claimant must have "good cause for [her] failure to submit the evidence when the claim was before the Secretary," and 4) the claimant must "present the remanding court at least a general showing of the nature of the new evidence."  777 F.2d 954, 955 (4th Cir. 1985).

The Fourth Circuit, however, later indicated the *Borders* test had been superseded by 42 U.S.C. § 405(g).  *See Wilkins v. Sec'y, Dep't of Health & Human Serv.*, 925 F.2d 769, 774 (4th Cir. 1991) (noting parenthetically *Borders* had been superseded by statute).  Under 42 U.S.C. § 405(g), new evidence "only upon a showing that . . . [the] new evidence . . . is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  *Id.*  Somewhat confusingly, the Fourth Circuit has positively cited to the *Borders* factors after the *Wilkins* decision.  *See Hagerman v. Barnhart*, 96 Fed. App'x 118, 119 (4th Cir. 2004) ("In addition, we note that new evidence submitted on appeal need not be considered because it fails to meet the requirements set forth in *Borders v. Heckler*.").

Both tests, however, require the new information be material to the claimant's case.  Under either test, Rowell's argument fails as the new x-rays are immaterial to her case.  She presents the new x-rays merely to counter the Magistrate Judge's statement her last x-ray was in 2015.  The timing of Rowell's most recent x-ray is irrelevant to the ALJ's disability determination.  It, thus, fails the materiality requirement of either new evidence test.  Accordingly, the Court will overrule Rowell's second objection, too.

Third, Rowell disputes certain factual statements by the Magistrate Judge.  She, however, provides no evidence to support any of her disputes.  Accordingly, the Court will treat this as a "conclusory objection" and finds no clear error with the Report, as to these issues.  *See Orpiano*,

687 F.2d at 47 (stating conclusory objections fail to trigger de novo review).  Accordingly, the Court will overrule Rowell's third objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Rowell's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Saul's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 22nd day of April 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.